IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,990-03






EX PARTE MICHAEL SHANE McBRIDE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19,938 IN THE 253RD JUDICIAL DISTRICT COURT

LIBERTY COUNTY






 Per curiam.



 O R D E R


 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, TEX. CODE CRIM. PROC. Applicant was convicted of possession of a
controlled substance and punishment was assessed at imprisonment for eight (8) years. No
appeal was taken from this conviction.

 Applicant contends that he is eligible for street time credit but has been improperly
denied credit against his sentence for time served on his most recent period of supervised
release. The trial court has entered an order finding that Applicant received the correct time
credit and concluding that "Applicant's writ is frivolous and Applicant is not entitled to any
relief." However, this finding and conclusion are not supported by the record. See Ex parte
Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). Therefore, it is this Court's opinion that
additional facts need to be developed and because this Court cannot hear evidence, the trial
court is the appropriate forum.

 Specifically, this record contains an affidavit from the Texas Department of Criminal
Justice, Correctional Institutions Division (TDCJ-CID) which acknowledges that Applicant's
conviction does not render him ineligible for street time credit. This affidavit reflects that
Applicant's sentence of eight years began on October 18, 1998, and that Applicant was
released on mandatory supervision on May 3, 2002. He was then returned to custody
following an arrest on new charges. The TDCJ-CID affidavit does not state when the parole
revocation proceedings were initiated, but Applicant asserts that the revocation warrant was
issued on September 2, 2004. That date is consistent with the information in the TDCJ-CID
affidavit. It appears that Applicant may be entitled to relief under this Court's decision in 
Ex parte Spann, 132 S.W.3d 390, 392-93 (Tex. Crim. App. 2005). In an abundance of
caution, however, we have determined that TDCJ-CID and the Parole Division should be
given the opportunity to provide further information concerning the date the parole warrant
was issued, and both Applicant and the State an opportunity to provide whatever additional
information they deem appropriate to resolve this issue.

 The trial court shall resolve those issues as set out in Tex. Code Crim. Proc. art.
11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from the
appropriate officials of the Texas Department of Criminal Justice, Correctional Institutions
Division and Parole Division, or it may order a hearing.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make a finding of fact
as to the issuance date of the warrant or summons initiating the revocation process. See Ex
parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus. The trial court shall supplement the
habeas record with copies of all documents upon which its findings are based.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within forty-five (45) days of the date of this order. (1) 
A supplemental transcript containing all affidavits and interrogatories or the transcription of
the court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
sixty (60) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 13th DAY OF SEPTEMBER, 2006.

DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.